No. 106,946

STATE OF KANSAS, *Appellee*, v. JEFFERY D. NELSON, *Appellant*.

(294 P.3d 323)

Opinion filed February 15, 2013.

*Meryl Carver-Allmond*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jamie L. Karasek*, deputy county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Jeffery D. Nelson appeals the imposition of an enhanced mandatory minimum hard 50 sentence under K.S.A. 21-4635 for the premeditated first-degree murder of his stepfather. Nelson argues the district court abused its discretion because no reasonable person would agree that the three aggravating factors

found by the district court outweighed its finding in mitigation that Swartz physically abused Nelson as a child. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Nelson was convicted of first-degree premeditated murder for beating his stepfather, Stanley Swartz, to death with a baseball bat while he slept in his bed. Nelson was also convicted of burglary and three counts of forgery for breaking into Swartz' home and stealing checks, which he later forged to withdraw $5,500 from Swartz' account. Nelson's crimes are detailed in his direct appeal, *State v. Nelson*, 291 Kan. 475, 243 P.3d 343 (2010). In that case, this court affirmed his convictions but reversed and remanded his hard 50 prison term for the first-degree murder conviction because the district court applied an incorrect legal standard when imposing it. 291 Kan. at 488.

On remand, the same judge that presided over Nelson's trial presided over his re-sentencing. The State relied upon its previously submitted motion seeking the hard 50 sentence, arguing that aggravating circumstances justified this sentence. See K.S.A. 21-4636(e), (f), and (h). Already familiar with the case, the sentencing court took judicial notice of the evidence admitted at trial, indicated it had re-read the transcript from the original sentencing hearing and took judicial notice of the evidence presented there. The parties then presented additional evidence at the resentencing hearing.

Nelson claimed in mitigation that the murder was committed while Nelson was under the influence of extreme mental or emotional disturbance based on years of Swartz' physical and sexual abuse. Two witnesses testified on Nelson's behalf regarding physical abuse—his biological aunt and grandmother. Both testified they witnessed Swartz grab Nelson by his arm and throw him into a chair across the living room when Nelson was a kindergartener. His aunt also testified that Nelson's deceased mother asked her to keep Swartz away from Nelson. But neither witness testified regarding the alleged sexual abuse. For that claim, Nelson relied on a letter he wrote to a girlfriend while awaiting trial, in which he claimed repeated sexual abuse.

The district court found three aggravating factors were established by a preponderance of the evidence: (1) Nelson committed the murder to avoid prosecution for the burglary and forgery; (2) Nelson killed Swartz to ensure he could not testify against him; and (3) the murder was committed in a heinous, atrocious, and cruel manner. In mitigation, the sentencing court found that Swartz physically abused Nelson, citing the hearing testimony from his aunt and grandmother. It also found Nelson had not established sexual abuse by a preponderance of the evidence. The sentencing court re-imposed a hard 50 sentence, holding that any one of the aggravating factors outweighed the mitigating factor.

Nelson filed a timely appeal. This court has jurisdiction under K.S.A. 22-3601 (life sentence).

## ANALYSIS

Premeditated first-degree murder carries a life sentence with a mandatory minimum of 25 years before the defendant becomes eligible for parole unless the court finds the defendant should be subject to an enhanced mandatory minimum sentence. For crimes committed after July 1, 1999, this requires a mandatory hard 50 term. K.S.A. 21-4635; see K.S.A. 22-3717(b)(1). To impose the hard 50 sentence, the district court must find one or more aggravated circumstances enumerated in K.S.A. 21-4636 exist and that the aggravating factors are not outweighed by any mitigating factors. K.S.A. 21-4635(d). In Nelson's direct appeal, this court held that the aggravating factors must be proved by a preponderance of the evidence. *Nelson*, 291 Kan. at 487.

When reviewing a hard 50 sentence, appellate courts review the sentencing court's weighing of aggravating and mitigating circumstances under an abuse of discretion standard. *State v. Appleby*, 289 Kan. 1017, 1065, 221 P.3d 525 (2009).

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Nelson does not claim the sentencing court's decision was based upon an error of law or fact, he challenges whether the action was so unreasonable no other person would have taken the sentencing court's approach.

The district court held three aggravating circumstances existed by a preponderance of the evidence. First, it found that Nelson killed Swartz to avoid prosecution for the burglary and stolen checks based on trial testimony that he was attempting to cover up those crimes and prevent prosecution. Second, it found that Nelson killed Swartz to prevent him from testifying against him, noting Swartz had previously brought Nelson up for prosecution and Nelson was imprisoned on those charges. Third, it found that the murder was committed in an especially heinous, atrocious, and cruel manner because he repeatedly beat Swartz with a baseball bat while he lay in bed. The blows did not immediately kill Swartz because he regained consciousness and went into the living room, and there was evidence that he continued to suffer pain.

The district court also found the one mitigating factor—that there was physical abuse—based on the testimony by the two witnesses that they saw Swartz throw Nelson when he was a child. And it is this factor that Nelson claims trumps the other three. Nelson claims no reasonable person would agree that the three aggravating factors, either individually or aggregated, outweigh the evidence of abuse. We disagree.

The district court's conclusion is not unreasonable given the grisly facts of the crime and Nelson's motive. It is well established that " '[w]eighing aggravating and mitigating circumstances is not a numbers game. "One aggravating circumstance can be so compelling as to outweigh several mitigating circumstances" ' or vice versa." *State v. Engelhardt*, 280 Kan. 113, 144, 119 P.3d 1148 (2005). The sentencing court did not abuse its discretion by imposing the hard 50 sentence under these facts.

Affirmed.